UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00025-TBR

TIMOTHY TOTTY and TONYA TOTTY                                                    PLAINTIFFS

V.

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY                   DEFENDANT

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Fire and Casualty Company's (State Farm) Motion for Summary Judgment. [DN 9]. Plaintiffs, Timothy and Tonya Totty, filed a Motion for Extension of Time to File a Response, [DN 10], to the Motion for Summary Judgment which the Court granted, giving Plaintiffs until May 24, 2021 to respond. [DN 13]. On May 11, 2021, Plaintiffs filed a "Preliminary Response" to the Motion for Summary Judgment stating that it was a "partial response," [DN 14], but since no additional response was filed before May 24, 2021, the Court finds that this is the Plaintiffs' "formal response" as was required by the prior Order. Defendant replied. [DN 15]. As such, the motion is ripe for adjudication. For reasons stated below, the Motion for Summary Judgment is **GRANTED**.

I.   **Background**

Plaintiffs Timothy and Tonya Totty insured their home under a State Farm Manufactured Home Policy up to $77,700 in property loss. [DN 1-1]. On March 1, 2017, they experienced wind damage to their home, of which Plaintiffs believed was a total loss. *Id.* Conversely, after sending a representative to inspect the damage on March 31, 2017, State Farm's repair estimate was $28,324.31. [DN 9 at 3]. A check in this amount was sent to the Tottys but was never cashed. [DN 15 at 6]. On March 5, 2019, two years after the damage to the home, Plaintiffs hired a contractor,

1

Chad Snider, who forwarded a repair estimate of $66,961.20 to State Farm. [DN 9 at 3]. On November 5, 2020, the Tottys filed a complaint against State Farm in Fulton Circuit Court for "benefits and replacement losses covered under the terms of their casualty policy, for damages for Defendant State Farm's statutory violations of the insurance code, and for bad faith, and violations of the Consumer Protection Act." [DN 1-1]. Defendant removed the action, based on diversity of citizenship, to this Court. [DN 1]. State Farm then filed the present Motion for Summary Judgment arguing that "Plaintiffs' claims were untimely filed and should be dismissed" because "under the express and unambiguous terms of the policy at issue, any suit against State Farm must be filed within one year of the loss." [DN 9 at 2].

## II.    Standards

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (internal citations omitted). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to overcome summary judgment. *Id.* The moving party must shoulder the

2

burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

## III. Discussion

### A. Contractual One Year Limitation Provision

Defendant argues that Plaintiffs' action should be dismissed because Plaintiffs failed to file this action within the one-year limitation period prescribed by the policy. Based on a review of Kentucky law and federal courts' interpretation of that law, the Court agrees. Ky. Rev. Stat. § 304.14–370 provides:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues.

In *Webb v. Ky. Farm Bureau Ins. Co.*, the Court of Appeals of Kentucky expressly held that an insurance policy provision that limited the time for filing suit against the insurer to one year after the inception of the insured's loss was enforceable and not against public policy in Kentucky. 577 S.W.2d 17 (Ky. Ct. App. 1978). The appellate court reasoned that because Kentucky has "no statute proscribing contractual shortening of limitation periods" and, further, because Ky. Rev. Stat. § 304.14–370 "allows foreign insurers to limit actions against them to one year," the public policy of Kentucky favors the enforcement of a provision whereby an insurer limits the time for bringing an action against it. *Id.* at 18. In reaching this conclusion, the court cited a variety of Kentucky decisions enforcing the reasonable shortening of the statutory period as consistent with

3

the public interest. *Id.* at 19 (collecting cases). Since *Webb*, both Kentucky courts and the federal courts of the Sixth Circuit applying Kentucky law have consistently upheld the enforceability of insurance policy provisions that limit the time for bringing suit against the insurer to one year after the date of loss or damage. *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054, 2012 WL 4959528 at *3 (W.D. Ky. Oct. 16, 2012) (collecting cases); *Adams v. State Farm Fire & Cas. Co.*, No. 1:20-CV-00070-HBB, 2020 WL 5097559 (W.D. Ky. Aug. 28, 2020).

The plain language of State Farm's manufactured home policy states: "No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." [DN 9-2 at 22]. Because the damage to the Totty's home occurred on March 1, 2017, and a claim was not filed until November 5, 2020, the Court finds that the one-year limitation provision contained in the policy is enforceable. As such, summary judgment is proper for all contract claims regarding the "benefits and replacement losses covered under the terms of their casualty policy."

### B.  Required Discovery

Under Federal Rule of Civil Procedure 56(d), additional discovery is allowed "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "[T]o preserve the argument that the grant of summary judgment was too hasty and precluded necessary discovery, the appellant must have complied with the strictures of Federal Rule of Civil Procedure 56[(d)]." *Layne v. Walmart, Inc.*, No. 20-6119, 2021 WL 4515397, at *4 (6th Cir. Aug. 4, 2021) (citing *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995)).

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott*, 71 F.3d at 1195.

However, the burden is on the party claiming insufficient time to conduct discovery to file a motion and supporting affidavit pursuant to 56(d). *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). "The importance of complying" with Rule 56(d)'s affidavit requirement "cannot be overemphasized." *Id.* "Beyond the procedural requirement of filing an affidavit, Rule [56(d)] has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Id.* If a "[p]laintiff's affidavit makes only general and conclusory statements regarding the need for more discovery," then denial of their request for more discovery is proper. *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999); *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989).

Here, Plaintiffs argue that summary judgment is not proper because even though the contractual limitation bars this claim, they should be allowed a reasonable opportunity to conduct relevant discovery. [DN 14 at 2]. Very little discovery has been completed in this case, and as Plaintiffs noted, "[n]o discovery has been conducted in the action since its removal into" this Court. *Id.* In response to State Farm's Motion for Summary Judgment, Plaintiffs requested additional time to conduct discovery, but failed to conform to the requirements of Fed.R.Civ.P. 56(d). The Tottys did not attach a declaration or affidavit in support of their need for discovery. Rather, Plaintiffs merely allege, without any real indication or evidence, a potential estoppel claim. [DN 14 at 3]. Said claim is discussed, and dismissed, below. The Tottys failed to mention the need for discovery regarding the non-contract based claims, nor any explanation as to what information additional discovery would provide. As such, Plaintiffs did not show how further discovery would rebut the Defendant's showing of the absence of a genuine dispute of material fact on this issue. *Young v. SCA Pers. Care, Inc.*, No. 1:12CV-00041-JHM, 2013 WL 253149, at *5–6 (W.D. Ky. Jan. 23,

2013) (citing Fed. R. Civ. P. 56(d)). Therefore, Defendant's motion for summary judgment is not barred by Plaintiffs' lack of discovery argument.

### C. Promissory Estoppel

"In order to prevail on a theory of estoppel, there must be proof not only of an intent to induce inaction on the party to be estopped, but also of reasonable reliance by the party claiming the estoppel." *Gailor v. Alsabi*, 990 S.W.2d 597, 604 (Ky.1999) (citing *Adams v. Ison*, 249 S.W.2d 791, 793 (Ky.1952)). Although "[e]quitable estoppel has been applied to keep insurance companies from applying the statute of limitations agreed to in the insurance policy," that is not the case "unless the [insurance] carrier makes a false promise to settle the claim or engages in other misleading behavior that reasonably induces a tardy filing." *Barjuca v. State Farm Fire & Cas. Co.*, No. 5:11-CV-380-JMH-REW, 2013 WL 6631999, at *7–8 (E.D. Ky. Dec. 17, 2013) (citing *Hitachi Auto. Prods. USA, Inc. v. Craig,* 279 S.W.3d 123, 126 (Ky.2008) (citations omitted)). Further, "Kentucky courts have 'emphasized ... that the real inquiry should be whether the party against whom the statute was asserted was justified in relying upon the representations and activities of the insurance adjuster in delaying filing suit until time had run out.'" *Id.* (collecting cases).

Plaintiffs argue that because State Farm's agent informed the Tottys that they were able to obtain their own estimate on the damages and submit it to State Farm, that the agent was also required to inform them of the one-year limitation period to do so. [DN 14 at 3]. They allege that this failure to inform the Tottys of the time limitation and the "promises and representations made by Defendant's agent(s) created an estoppel." *Id.* They cite *Stephenson v. State Farm Ins. Co.* in support of this argument: "Promissory estoppel can be invoked when a party reasonably relied on a statement of another and materially changes his position in reliance on the statement." 217

S.W.3d 878, 880 (Ky. Ct. App. 2007) (citing *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 642 (Ky.App.2003)); [DN 14 at 3]. In *Stephenson*, the plaintiffs relied on the insurance company's statements that they would provide no-fault benefits in Kentucky, even though they were not required to do so as an out of state insurance company. 217 S.W.3d at 880. Since the plaintiffs in *Stephenson* relied on these statements, explicitly given to them by the insurance company, the insurance company was *estopped* from later denying the coverage. *Id.*

Unlike the insurance company in *Stephenson*, "State Farm is not estopped from asserting the limitations defense because Plaintiffs have asserted no misleading behavior by State Farm on which it would have been reasonable for Plaintiffs to rely." *Barjuca*, No. 5:11-CV-380-JMH-REW, 2013 WL 6631999, at *8 (citing *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). The Tottys were not promised anything, nor should they have materially changed their position in reliance on the agent's statements. State Farm's agent simply informed Plaintiffs of their right to obtain a second opinion. The agent's failure to inform the Tottys that if they chose to do so, they must remain in the contracted time period, does not create an estoppel. "Plaintiffs have the affirmative duty to read and have a reasonable understanding of their insurance policy." *Riley v. State Farm Mut. Auto. Ins. Co.*, 2016 LEXIS 796, *9–10 (Ky. App. 2016). There is no requirement that insureds submit their own estimate on damages, nor is there a duty for the insurance agency to inform the insureds of a nonexistent deadline to do so. Since the insurance contract clearly states that all claims must be brought within one year of the damages, the Plaintiffs cannot claim that they materially relied on the State Farm agent's statement. Nor can they create a non-existent obligation of the agent in order to circumvent the clear language of the insurance contract. The ability, not requirement, to obtain their own estimate does not allow for a postponement of their claim beyond the stated one-year limitation. Therefore, "[e]quitable estoppel

does not apply because State Farm did not make representations or engage in any behavior that would have caused Plaintiffs to reasonably allow the statute of limitations to lapse." *Barjuca*, No. 5:11-CV-380-JMH-REW, 2013 WL 6631999, at *8.

### D.  Bad Faith and Kentucky Unfair Claims Settlement Practices Act

In order to state a claim under the Kentucky Unfair Claims Settlement Practices Act (UCSPA), a plaintiff "must meet a high threshold standard that requires evidence of 'intentional misconduct or reckless disregard of the rights of an insured or a claimant' by the insurance company that would support an award of punitive damages." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 680 F.3d 725, 731 (6th Cir.2012) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky.1993)). In *Wittmer*, the Kentucky Supreme Court specifically described the standard as that of "outrageous" conduct by the insurer. 864 S.W.2d at 890. After a plaintiff has met this initial showing, they must then establish three elements to maintain a claim of bad faith:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054, 2012 WL 4959528, at *9–10 (W.D. Ky. Oct. 16, 2012) (citing *Wittmer*, 864 S.W.2d at 890)). "[I]n order to survive a motion for summary judgment, a plaintiff in a bad faith action must come forward with evidence, sufficient to defeat a directed verdict at trial, which reveals some act of conscious wrongdoing or recklessness on the part of the insurer." *Nat'l Sur. Corp. v. Hartford Cas. Ins. Co.*, 502 F. App'x 425, 428 (6th Cir. 2012) (quoting *Matt v. Liberty Mut. Ins. Co.*, 798 F.Supp. 489, 434 (W.D.Ky.1991)).

Thus, the initial question here is whether Plaintiffs have met their initial burden of showing intentional misconduct or reckless disregard of their rights by Defendant that would support an award of punitive damages—*i.e.,* "outrageous conduct." "The appropriate inquiry is whether there

is sufficient evidence from which reasonable jurors could conclude that ... the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Id.* (quoting *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 376 (Ky.2000)). "Absent such evidence of egregious behavior, the tort claim predicated on bad faith may not proceed to a jury." *Nat'l Sur. Corp.*, 502 F. App'x at 428 (quoting *United Servs. Automobile Ass'n v. Bult*, 183 S.W.3d 181, 186 (Ky.Ct.App.2003)). Without deciding the issue of whether State Farm was obligated to pay the Tottys' claim, the Court is nevertheless convinced that Plaintiffs cannot satisfy the high Kentucky standard to maintain their bad-faith claim because they have failed to provide any proof that State Farm acted outrageously. Therefore, summary judgment is appropriate.

Even if Plaintiffs had satisfied the UCSPA's "high threshold standard," they still could not overcome the three elements necessary to maintain a bad faith claim. Plaintiffs argue that summary judgment is not proper for their bad faith claim even if it is time barred for their contract claim. The Court acknowledges that a bad faith claim does not automatically fail because a breach of contract claim is time-barred. *Miller v. Seneca Specialty Ins. Co., Inc.*, No. 5:18-CV-054-TBR, 2019 WL 3431588, at *3–5 (W.D. Ky. July 29, 2019). "The fact that the terms of the policy preclude the Court from awarding a civil judgment to Plaintiff on his breach of contract claim today does not necessarily establish that Defendant lacked an obligation to pay Plaintiff's insurance claim when Plaintiff submitted it to Defendant." *Id.*

Defendant argues, however, that regardless of the time-barred contract claim, summary judgment is proper because Plaintiffs failed to prove the required elements of a bad faith claim. Looking at the facts of the case, Defendant explains:

> State Farm inspected the damage and sent Plaintiffs a check within thirty days of the March 1, 2017 loss. Plaintiffs never cashed that check, nor did they timely seek their own inspection and estimate of the damages. It was not until February 25, 2019, almost two years after the damage occurred, that Plaintiffs hired Chad Snider

9

> of Color Shop Restoration to inspect the property and provide a repair estimate. The Color Shop estimate was submitted to State Farm on March 1, 2019. However, repairs were never undertaken by any contractor, no contractor's bill was ever submitted, and thus, there was never a claim for State Farm to have denied.

[DN 15 at 6 (internal citations omitted)]. Caselaw allowing a bad faith claim to continue after the dismissal of the underlying contract claim states that, "because a cause of action accrues when the last event necessary to create the cause of action occurs, a bad faith cause of action in which the allegation is that the insurance company *wrongfully denied* an insured's claim cannot accrue until denial of the claim." *Tennant v. Allstate Ins. Co.*, No. CIV.A. 04-54, 2006 WL 319046, at *2 (E.D. Ky. Feb. 10, 2006) (citing *Combs v. International Ins. Co.*, 354 F.3d 568 (6th Cir.2004)). "[B]ecause a bad faith claim alleging wrongful denial cannot accrue until the alleged wrongful denial, Plaintiffs have one year from the denial of the claim in which to file their suit." *Barjuca*, No. 5:11-CV-380-JMH-REW, 2013 WL 6631999, at *9. This means that instead of looking at the date that the damage occurred, as with the contract time limitation, bad faith claims require the Court to use the date of denial to determine if the claim is time-barred.

Regardless of when denial actually occurred, this claim falls outside of the contractually agreed upon limitation of one year. There are only two possible dates of denial. First, if State Farm's offer, to pay less than 44% of the policy amount, on March 31, 2017 is considered a denial of total coverage, the one-year limitation would have run out in 2018. Second, if denial occurred when State Farm failed to respond to the Tottys' own estimation provided by Color Shop Restoration, the one-year limitation to file a claim against them would have been March of 2020. The present cause of action was not filed with the Court until November 5, 2020. Therefore, even if these actions by State Farm are considered denials of coverage, the one-year limitation bars recovery for a bad faith claim. Furthermore, if the Court finds that State Farm never actually denied the Tottys coverage, then the second required element of a bad faith claim cannot be met and the

Court must, as a matter of law, dismiss the claim. Therefore, summary judgment is proper because any time interpretation of denial, or lack thereof, results in dismissal of the bad faith claim.

## IV.    Conclusion

For the reasons state above, State Farm's Motion for Summary Judgment, DN 9, is **GRANTED**.  This case is now closed.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 19, 2021

Copies to:

Timothy and Tonya Totty, pro se

Counsel